**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SCOTT LUELLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1846 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MAROADI TRANSFER & STORAGE, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

At the onset, Defendants' Motion (**Doc. 23**) to set aside default is **GRANTED**.

Assuming, without deciding, that the moving Defendants properly have been served,

their counsel entered an appearance and began defending this lawsuit no more than three days

after Plaintiff first requested the entry of default. *Compare* Docs. 8, 9, 10 & 11 (requests for

default) *with* Docs. 16 & 23 (defense counsel's entry of appearance and Motion to Set Aside

Default). This is not a "gotcha!" Court, and there are no legally-colorable claims of prejudice on

the part of Plaintiff. *See, e.g.*, KSure of New York Corp. v. Raineater, LLC, 2013 WL 5411933,

*1 (W.D. Pa. Sept. 26, 2013) (denying motion for reconsideration of order setting aside default

judgment, where opposing party's counsel appeared and began defending only three days after

default judgment was entered; "the Court cannot condone legal strategies akin to 'gotcha!'-style

litigation, where parties [persist] based on technical errors, [rather than on] the merits of the

case," and, "[w]hile such [tactics] may comport with common misperceptions . . . regarding how

our legal system operates, it does not accurately reflect the serious work of the bench and bar") (citation to quotes sources omitted).[1]

This matter resolved, the Court must address the lack of diversity-of-citizenship revealed on the face of the Complaint.  *See* Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003) (the Court is required to address questions of subject matter jurisdiction "*sua sponte*," *i.e.*, of its own accord).  The pleadings allege that "Plaintiff is a citizen of the Commonwealth of Massachusetts, but was a citizen of the Commonwealth of Pennsylvania at the time of the incident."  Compl. (Doc. 1) at ¶ 2(a).  Regardless of whether Plaintiff, in the end, is a citizen of Massachusetts or Pennsylvania (and, he cannot under the law be both), diversity is lacking because *one or more of the Defendants are alleged to be citizens of both of those states*. *Id.* at ¶ 2(b) ("Defendant MAROADI is a citizen of the Commonwealth of Pennsylvania") *and* at ¶ 9 ("Defendant SHAMROCK . . . was organized and incorporated under the laws of the Commonwealth of Massachusetts"); Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 221 (3d Cir. 1999) (28 U.S.C. § 1332 requires "complete diversity between plaintiff[] and all defendants") (citation omitted).[2]

---

[1]  In his opposition brief, Plaintiff misunderstands the term "prejudice," within the context of default, as allowing an examination of the underlying/general aggrieved-conduct of his opponents; and/or he equates "prejudice" with his dissatisfaction over his opponents' having stepped forward to defend the civil claims against them.  *See* Pl.'s Opp'n Br. (Doc. 25) at 2-9. The prejudice-inquiry *properly* focuses on whether, and the extent to which, Defendants' delay in responding to the pleadings unfairly hinders Plaintiff's ability to effectively prosecute his case. Of course, none of Plaintiff's assertions demonstrate that Defendants' three-day (or less) delay in responding caused him undue prejudice.

[2]  Although the Court need not look outside the pleadings, it appears highly likely that, in the end, Defendant John Downey also will be revealed to be a citizen of Massachusetts.  *See* Defs.' Br. (Doc. 24) at 3 (stating same, subject to mandates of Rule 11).  It also is not lost on the Court that Plaintiff's address of record is in Pittsburgh, Pennsylvania.

Based on the foregoing, Plaintiff hereby is **ORDERED** to show cause why this case should not be dismissed for lack of federal subject matter jurisdiction, and his deadline for responding to this show-cause Order is **February 22, 2017**.[3] Furthermore, the Court has a hint of concern that this Plaintiff may have difficulty perceiving the distinctions between "zealous-advocacy," as properly employed under the American legal-model, and an *improper* willingness to say whatever he thinks it will take for him to "win." *Cf., e.g.*, France v. PNC Fin. Servs. Grp., Inc., 2013 WL 3279772, *4 n.5 (W.D. Pa. June 26, 2013) (expressing disfavor for legal strategies that "degenerate into a strategy of, 'say anything to win'"). Although the Court would be pleased to be proven wrong, Plaintiff hereby expressly is cautioned that the mandates of Federal Rule of Civil Procedure 11 apply with equal force to *pro se* litigants. *See generally* Fed. R. Civ. P. 11(b) (in signing court filings, *pro se* litigant certifies that factual assertions/denials are supported/warranted, and that his "legal contentions are warranted by existing law or by a nonfrivolous argument" for extending the same); *see also generally* Smith v. Psychiatric Solutions, Inc., 864 F.Supp.2d 1241, 1275 (N.D. Fla. Mar. 30, 2012) (among other things, Rule 11 invokes "[a] duty of candor to the court," which, if breached, may result in the imposition of monetary and/or other sanctions).

---

[3] To be clear, a dismissal of this case for lack of subject matter jurisdiction would be without prejudice to Plaintiff's attempting to bring suit in state court. The undersigned offers no opinion regarding Plaintiff's ability to properly bring claim(s) in any state court; it merely observes that the dismissal here would be without prejudice.

IT IS SO ORDERED.[4]


February 7, 2017                                    s\Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge


cc (via ECF email notification):

Scott E. Luellen, *Pro Se*

All Counsel of Record

---

[4] Although the Court also believes that Plaintiff's Motion (Doc. 17) to disqualify counsel is, on its face, without merit, the undersigned will refrain from ruling on that Motion unless and until it is established that the Court properly may exercise subject matter jurisdiction. Defendants' duty to respond to the Motion to disqualify likewise is held in abeyance, pending further order of Court.