# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT LUELLEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-1846 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| MAROADI TRANSFER & STORAGE, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

After the Court entered its Show Cause Order, Plaintiff, pursuant to Federal Rule 41(a)(1)(A)(i), voluntarily dismissed the two non-diverse Defendants identified in the Complaint. *See* Doc. 27 (dismissing Defendant John F. Downey); Doc. 43 (Defendant Shamrock Moving & Storage). Plaintiff's right to make such dismissals is "unfettered," and "[a] timely notice . . . invites no response from the district court and permits no interference by it." In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165 (3d Cir. 2008) (citations omitted). In addition, courts in this Circuit uniformly have interpreted Rule 41(a)(1)(A) as allowing the dismissal of less-than-all defendants in a multiple-defendant case. *See, e.g.*, Disabled in Action of Pa. v. S.E. Pa. Transp. Auth., 224 F.R.D. 601, 605 (E.D. Pa. 2004) *and* Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 254 (5th Cir. 1973) (each holding same, in reliance on Young v. Wilky Carrier Corp., 150 F.2d 764 (3d Cir. 1945)).

Defendants have not answered or moved for summary judgment, and the Court, therefore, is constrained to conclude that Defendants Downey and Shamrock effectively have

been dismissed.[1]  Accordingly, those Defendants now are terminated as parties to this litigation, and, in light of this ruling, Plaintiff's Motion (**Doc. 17**) to disqualify their counsel, and his Motion (**Doc. 31**) to file a surreply, are **DENIED AS MOOT**.  Consistent with the Court's prior Orders, the remaining Defendants shall plead or otherwise respond to the Complaint within 20 days of this Order, or by **May 25, 2017**.

  IT IS SO ORDERED.

May 5, 2017               s\Cathy Bissoon
                      Cathy Bissoon
                      United States District Judge

cc (via ECF email notification):

Scott E. Luellen, *Pro Se*

All Counsel of Record

---

[1] The Court hardly faults these Defendants for not having answered or moved for summary judgment. *Compare, e.g.*, In re Bath at 166-67 & n.10 (acknowledging discomfort with "strategical advantage" that may be gained by plaintiffs through use of Rule 41(a)(1)(A)(i), but only available safeguards for Defendants are to answer complaint or move for summary judgment) *with* docket in this case (revealing circumstances encouraging these Defendants to hold in abeyance such filings).  Furthermore, the Court acknowledges the "elephant in the room," namely, that Plaintiff has utilized Rule 41(a)(1) as a last-ditch measure to circumvent the Court's determination that subject matter jurisdiction was facially-lacking.  *See* SCO (Doc. 26) at 2 (highlighting that Plaintiff and Shamrock both were alleged to be citizens of Massachusetts); *cf. also id.* at 3 (cautioning Plaintiff regarding his penchant for "say[ing] whatever he thinks it will take for him to 'win'").  Although Plaintiff's maneuver cannot be deemed to have run afoul of the rules against jurisdictional-manipulation and forum-shopping, his efforts do bring to mind the adage, "be careful what you wish for."  *Cf.* Fed. R. Civ. P. 19 (governing joinder of "necessary" and "indispensable" parties).  The Court also notes that any monetary recovery in this case would appear to implicate the Restitution Judgment entered against Plaintiff in the Eastern District of Virginia.  *See* Restitution Judgment in U.S. v. Scott E. Luellen, Crim. No. 08-102-1 (E.D. Va. Aug. 29, 2008) (sentencing Plaintiff to pay restitution in amount of $1,699,872.00, and requiring him to notify the USAO of "[a]ny material change in economic circumstances that affects [his] ability to pay"); *see also* Mot. for Early Termination of Supervised Release (filed Mar. 22, 2016) at 2, 4 (assuring court that he understood his continuing restitution-obligation, "[to] be enforced through the Financial Litigation Unit of the U.S. Attorney's Office"); *cf. also* U.S. v. Yeh, 199 F. Supp.3d 998, 1001 (E.D. Va. 2016) (purpose of criminal restitution-order is, "to the extent possible, to make victims whole, to fully compensate [them] for their loss, and to restore [them] to their original state").